UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRANDON THROWER on Behalf of Himself and on Behalf of All Others Similarly Situated, | § § § § § § § § § § § | CIVIL ACTION NO. 3:19-cv-00068 |
| Plaintiff, | | |
| v. | | |
| UNIVERSALPEGASUS INTERNATIONAL, INC., | | |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### I.  SUMMARY

1. Plaintiff Brandon Thrower and the employees he seeks to represent ("Class Members") are current and former employees paid on a day rate basis by Defendant UniversalPegasus International, Inc. ("Defendant").  Defendant knowingly and deliberately failed to compensate Plaintiff and the Class Members at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek as required under the Fair Labor Standards Act ("FLSA").

2. Defendant violated the FLSA by misclassifying the Plaintiff and Class Members as exempt from overtime.  Consequently, Defendant's compensation policy violates the FLSA's mandate that non-exempt employees, such as the Plaintiff and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) in a week.

3. Plaintiff seeks to recover, on behalf of himself and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

4. Plaintiff also prays that the class of similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

## II.   SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant does business in this District and the violations took place while Plaintiff worked in this District.

## III.   PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Thrower is an individual currently residing in Shawnee, Oklahoma. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

8. The Class Members are all current and former employees of Defendant paid a day rate without overtime pay during the three year period prior to the filing of this Complaint to the present.

9. Defendant UniversalPegasus International, Inc is a company with its headquarters in Houston, Texas. Said Defendant can be served with process by serving its

registered agent, The Corporation Trust Company at 1209 Orange St., Wilmington, Delaware 19801.

10. Defendant is subject to personal jurisdiction in Texas because it does business in Texas and in this judicial district. Further, Defendant employs workers in Texas, has customers in Texas, owns property in Texas, and the violations of the law for which Plaintiff has brought this lawsuit occurred in Texas.

## IV.   FACTS

11. Defendant operates in the oil and gas industry and performs inspection services. As its website states, "UPI provides responsive and timely inspection services utilizing trained inspection personnel with a safety first approach and client focused execution. Our services help clients across the world optimize field activities, mitigate construction challenges and improve reliability and safety upon project completion." Our services help clients across the world optimize field activities, mitigate construction challenges and improve reliability and safety upon project completion." (*See* https://www.universalpegasus.com/services/inspection/, last visited 2/18/2019).

12. To provide these services, Defendant employs hundreds of inspectors nationwide to inspect pipelines during construction and periodically during their use.

13. Plaintiff worked for Defendant from approximately December 2017 to April 2018 as an inspector. He worked in Kansas and Oklahoma for Defendant.

14. Defendant paid Plaintiff on a day rate basis.

3

15. That is, Defendant paid Plaintiff a set day rate regardless of the number of hours he worked each day or each week. Defendant did not pay Plaintiff a minimum, guaranteed amount each week.

16. Instead, Plaintiff's compensation varied each week depending upon the number of days worked.

17. Plaintiff regularly worked over 40 hours each week. However, when he worked more than 40 hours, he was not paid any overtime wages for those hours worked in excess of 40.

18. Like Plaintiff, Defendant pays its other inspectors nationwide on a day rate basis.

19. Plaintiff regularly worked more than 40 hours in a week. In fact, Plaintiff commonly worked at least 12 hours during the majority of days that he worked for Defendant. As a result, Plaintiff frequently worked in excess of 60 hours per week.

20. Plaintiff's schedule was similar to the schedule of the Class Members.

21. Like Plaintiff, the Class Members were paid on a day rate basis. Like Plaintiff, the Class Members regularly worked more than 40 hours each week and were not paid overtime for those hours worked in excess of 40.

22. The Plaintiff and Class Members were not exempt from the overtime requirements of the FLSA.

23. None of the white collar exemptions found in 29 U.S.C. § 213(a)(1) are applicable to the Plaintiff and the Class Members because they were not paid on a "salary" basis or "fee" basis as required under in 29 U.S.C. § 213(a)(1).

24. Instead, Plaintiff and the Class Members were paid a day rate.

25. Further, the Department of Labor has stated that inspection work, of the type performed by Plaintiff and the Class Members, is not subject to the administrative exemption. The FLSA's regulations state as follows:

> Ordinary inspection work generally does not meet the duties requirements for the administrative exemption. Inspectors normally perform specialized work along standardized lines involving well-established techniques and procedures which may have been catalogued and described in manuals and other sources. Such inspectors rely on techniques and skills acquired by special training or experience. They have some leeway in the performance of their work but only within closely prescribed limits.

29 C.F.R. 541.203(g).

26. Here, Plaintiff and the Class Members were manual laborers who performed routine inspection work. The administrative exemption does not apply to manual laborers like Plaintiff and the Class Members. *See* 29 C.R.R. § 541.3(a) (overtime exemptions do not apply to "'manual laborers' or other 'blue collar' workers who perform work involving repetitive operations with their hands, physical skill and energy.")

27. Moreover, Plaintiff and the Class Members performed work that was "service" related, which is distinct from "administrative" work. They worked outdoors performing oil and gas operations.

28. Defendant's method of paying Plaintiff and the Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA. Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs. Defendant knew the requirement to

5

pay overtime to its employees, but intentionally and/or recklessly chose not to do so. Accordingly, Defendant's violations of the FLSA were willful.

## V.  CAUSE OF ACTION

VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)

29. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

30. This count arises from Defendant's violation of the FLSA for its failure to pay Plaintiff and Class Members overtime compensation.

31. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

32. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

33. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce.  29 U.S.C. § 203(s)(1).

34. Defendant has had an annual gross business volume of not less than $500,000 a year for the three years preceding the filing of this complaint.

35. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

36. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

37. Defendant's compensation scheme applicable to Plaintiff and the Class Members failed to comply with 29 U.S.C. § 207(a)(1).

38. Defendant knowingly failed to compensate Plaintiff and the Class Members at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

39. During all relevant times, Plaintiff and the Class Members were covered employees entitled to the above-described FLSA protections.

40. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## VI. COLLECTIVE ACTION ALLEGATIONS

41. As part of its regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

42. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendant and were paid on a day rate basis within the three (3) years preceding the filing of this Complaint to the present.

43. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

44. Plaintiff has actual knowledge, through observations of and conversations with his co-workers, that a class of similarly situated Class Members exists who have been subjected to Defendant's policy of not paying the overtime rate for all hours worked over forty. Plaintiff worked with other employees at multiple locations for Defendant.

45. The Class Members are similarly situated to Plaintiff in that they all performed similar duties, were paid on a day rate basis, and were denied overtime pay.

46. Defendant's failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

47. The experience of Plaintiff, with respect to his employment classification and pay, is typical of other workers across Defendant's business.

48. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment because liability in this case relates to Defendant's decision to pay its employees on a day rate without overtime.

49. Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

50. Class Members are not exempt from receiving overtime pay under the FLSA.

51. Like Plaintiff, all Class Members, irrespective of their particular job requirements, are entitled to receive overtime compensation for hours worked in excess of forty during a workweek.

52. The names and addresses of the Class Members are available from Defendant's records. To the extent required by law, notice will be provided to these

individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

53. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

54. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

55. As such, the class of similarly situated employees is properly defined as follows:

> **All of Defendant's current and former employees paid on a day rate basis without overtime pay during the three year period prior to the filing of this Complaint to the present.**

## VII.   WAGE DAMAGES SOUGHT

56. Plaintiff and Class Members are entitled to recover their unpaid overtime premiums for the three years preceding the filing of this complaint to the present. 29 U.S.C. § 216(b).

57. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages. 29 U.S.C. § 216(b).

58. Plaintiff is also entitled to recover his attorney's fees and costs, as required by the FLSA. 29 U.S.C. § 216(b).

## VIII. PRAYER FOR RELIEF

59. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

d. Such other and further relief to which Plaintiff and Class Members may be entitled, both at law or in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ Don J. Foty
Don J. Foty
dfoty@kennedyhodges.com
Texas State Bar No. 24050022
Fed. Id: 711552
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS